## West Chicago Street Railroad Co. v. Margaret Nash.

1. CARRIERS OF PASSENGERS—*Diligence Required.*—A common carrier of passengers for hire is bound to exercise the highest degree of diligence for the safety of his passengers.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 11, 1896.

### STATEMENT OF THE CASE.

This was an action by Margaret Nash to recover damages for personal injuries alleged to have been received through the negligence of the West Chicago Street Railroad Company.

The declaration, which consists of three counts, alleges, first, that the defendant failed to operate its certain grip-car, in which the plaintiff was a passenger, in a safe and steady manner, and to give the plaintiff an opportunity to be seated, but before the plaintiff could reach a seat the defendant's servants suddenly started the car, thereby throwing the plaintiff to the floor; second, that the defendant failed to perform its duty to keep the aisles or passage way in the car free from satchels, parcels or other obstructions, in consequence of which the plaintiff, on her way to a seat in the car, stumbled and fell over a satchel, parcel or other obstruction; the third count is merely a combination of the other two.

The plaintiff claims to have sustained a fracture of her left arm and other wounds and bruises, which have caused her great pain and prevented attendance upon her usual business and affairs.

The evidence shows that on the morning of November 7, 1892, the plaintiff took passage on one of the defendant's Madison street cars at the corner of Madison and La Salle streets. The train, which consisted of the grip-car and one trailer, stopped on La Salle street, just after rounding the

curve, to let off passengers, and it was at this point that the plaintiff stepped on the rear platform of the trail-car, which was a closed one with the seats along the sides. Before she had gone very far along the aisle of the car she fell to the floor, and the cause of this fall is the issue involved in this suit.

She claims that the car started up suddenly, that she was thereby thrown and in consequence stumbled and fell over a satchel standing in the aisle; the defendant claims that the evidence shows beyond question that there was no sudden starting of the car, and that she carelessly stumbled over an umbrella carried by one of the passengers.

At the trial the jury returned a verdict in favor of the plaintiff, and assessed her damages at fifteen hundred dollars. Judgment having been entered on this verdict, the defendant appeals.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

W. D. MUNHALL, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Only a question of fact is involved in this appeal. Appellant was bound to exercise the highest degree of diligence for the safety of appellee, who was a passenger.

We find in the record no sufficient reason for reversing the conclusion of the Circuit Court, and its judgment is affirmed.